

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GENETIC VETERINARY SCIENCES, INC.,
d/b/a Paw Prints Genetics,

                    **Plaintiff,**

v.                                                                         Civil Action No. 2:17cv108

LABOKLIN GMBH & CO. KG &
THE UNIVERSITY OF BERN,

                    **Defendants.**

## OPINION & ORDER

This comes on Plaintiff, Genetic Veterinary Sciences, Inc. d/b/a Paw Print Genetics' ("Plaintiff" or "PPG") Motion for Clarification and Reconsideration of Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendants' Motion to Strike Plaintiff's Statement of Undisputed Facts In Part ("the Motion"). Doc. 95 at 1. The Final Pretrial Conference for this matter is set for April 19, 2018 and there is a jury trial set for April 30, 2018. For the reasons stated below, this Court **DENIES** Plaintiff's Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

On January 31, 2018, after hearing argument on Plaintiff's Motion for Summary Judgement, this Court reserved its ruling and entered an Order requiring Plaintiff to file a brief with its list of undisputed facts and related declaration that complies with Federal and Local Rules. Doc 80. On February 2, 2018 Plaintiff filed a brief that amended its undisputed facts in support of summary judgment to comply with local rules ("First Updated Statement"), but failed to amend its original declaration in support of the Motion for Summary Judgment. Doc 81. On February 6, 2018 Defendant filed a Motion to Strike the original declaration. Docs. 82-83.

Defendant also filed a response to Plaintiff's First Updated Statement. Doc. 84. On February 9, 2018, the Court issued an Order that required Plaintiff to submit an amended declaration. Doc. 85. The Order also gave Defendant an additional ten (10) days to respond to the amended declaration, and denied the Motion to Strike as moot. Id.

On February 14, 2018 Plaintiff filed an updated statement of undisputed facts ("the Second Updated Statement") in support of summary judgment which included an amended declaration ("the Amended Shaffer Declaration") in support of summary judgment. However, both the Second Updated Statement and Amended Shaffer Declaration in support of summary judgment included additional facts and exhibits that were not presented at the hearing on the Motion for Summary Judgment on January 31, 2018. Docs. 86, 86-1-86-10.

On February 26, 2018 Defendant filed a renewed Motion to Strike Plaintiff's Second Updated Statement and Amended Shaffer Declaration in support of summary judgment. Doc. 89, 90.

On March 27, 2018 this Court entered an Order denying Plaintiff's Motion for Summary Judgment and Granting Defendants' Motion to Strike Plaintiff's Statement of Undisputed Facts in part. Doc. 93. The Court found that Plaintiff's expanded explanation in Dr. Shaffer's declaration went beyond that which was authorized by the Court's previous orders, and that Dr. Shaffer's testimony constitutes expert testimony under Rule 702 of the Federal Rules of Evidence. Id. Because the Court found that the expanded declaration was improper, the Court granted Defendants' Motion to Strike Plaintiff's Statement of Undisputed Facts in part, by denying Plaintiff the right to use the Updated Statement of Facts or Amended Shaffer Declaration in support of its Motion for Summary Judgment, but allowed the most recent Amended Shaffer Declaration to qualify as an expert report pursuant to Rule 26(a)(2)(C). Id.

The Court also felt compelled to impose restrictions upon Plaintiff's presentation of expert testimony due to the untimely manner of the disclosure, and granted the following extensions to Defendant:

1. Plaintiff shall make Dr. Shaffer available for deposing by Defendants within ten (10) days of the date of this Order;

2. Defendants shall have the opportunity to present testimony in rebuttal of Dr. Shaffer's declaration and shall furnish to the Plaintiff the information required for expert testimony under Rule 26(a)(2)(B) or (C) as applicable at least five (5) days prior to the Final Pretrial Conference;

3. The testimony of Dr. Shaffer shall be limited to the four corners of her most recent Amended Declaration and the opinions and factual basis for the same as outlined therein. Plaintiff shall not be permitted to offer expert testimony other than that of Dr. Shaffer at trial.

4. Plaintiff is not entitled to depose any expert witness retained or identified by Defendants in rebuttal to Dr. Shaffer.

On March 29, 2018, Plaintiff filed the instant Motion. Doc. 95. Defendants filed their response on March 30, 2018. Doc. 96. On April 3, 2018, Plaintiff notified the Court that it did not intend to file a reply. Doc. 97.

## II. LEGAL STANDARDS

District courts retain the power to revise, reconsider, and modify their interlocutory judgments "at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003); Fed. R. Civ. P. 54(b). Stated differently, "[u]nless certified as final, 'any order or other decision, however designated, that adjudicates

fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" Saint Annes Development Co., Inc. v. Trabich, 443 F. App'x 829, 832 (4th Cir. 2011) (quoting Am. Canoe Ass'n, 326 F.3d at 514-15). Federal Rule of Civil Procedure 54(b) governs such interlocutory orders. Fed. R. Civ. P. 54(b); see Zaklit v. Global Linguist Solutions, LLC, 2014 WL 4161981, at *1 (E.D. Va. Aug. 19, 2014). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n, 326 F.3d at 514. "The resolution of motions to reconsider pursuant to Rule 54(b) is 'committed to the discretion of the district court,' which may be exercised 'as justice requires.'" Zaklit, 2014 WL 4161981, at *1 (quoting Am. Canoe Ass'n, 326 F.3d at 515). Further, "[t]he discovery of substantially different evidence, a subsequent change in the controlling applicable law, or the clearly erroneous nature of an earlier ruling would all justify reconsideration." Gordon v. ArmorGroup, N.A., Inc., 2010 WL 4272979 at *1 (E.D. Va. Oct. 19, 2010).

### III. ANALYSIS

Plaintiff requests clarification that it will be allowed to offer testimony from Dr. Shaffer that is not in the nature of expert opinion testimony under Federal Rule of Evidence 702. Doc. 94 at 1. Plaintiff argues that should Dr. Shaffer provide testimony that is based on her personal knowledge only, Defendants should not be allowed to offer expert opinion testimony in rebuttal. Doc. 95 at 2. They allege that expert testimony is not required to establish the challenged claims and move the Court to allow them to lay the proper foundation for Dr. Shaffer's personal knowledge at trial. Id. Plaintiff also sites to the transcript from the hearing on Motion for

Summary Judgment for its belief that it can establish that Dr. Shaffer has personal knowledge without introducing expert testimony.[1]

Additionally, Plaintiff requests that the Court reconsider its sanction that prevents Plaintiff from deposing Defendants' rebuttal experts. Id. at 3. Plaintiff argues that such sanction is inappropriate because Plaintiff was genuinely puzzled about the Court's orders to amend the declaration. Doc. 95 at 4. In support of their contention, Plaintiff states that there was no mention about the need for Dr. Shaffer's declaration to be amended at the hearing on January 31, 2018, and that neither order indicates how the original declaration was deficient. Therefore, Plaintiff contends that any violation of the Court's orders was innocent and should not be met by such a sanction that could so severely prejudice them at trial. Id.

Defendants urge this Court to deny Plaintiff's Motion to Reconsider. Doc. 96. In support of their argument, Defendants site this Court's precedent in Stoney Glenn, LLC v. Southern Bank and Trust Co., which explains that a motion to reconsider under Rule 54(b) should only be granted in the rare instance that the Court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error of not reasoning but of apprehension..." Doc. 96 at 4; 2013 WL 4539736, *2(Aug. 27, 2013)(J. Morgan)(citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Defendants argue that Plaintiff's situation does meet the requirements for such a rare instance because Plaintiff had the opportunity to correct Dr. Shaffer's amended declaration on three (3) separate occasions and have yet to lay the proper foundation for Dr. Shaffer's lay testimony. Id. at 5. While Defendants admit that Dr. Shaffer could potentially limit her testimony to what she personally knew or did at the relevant time, Defendants claim that she

---

[1] At the hearing on January 31, 2018, the Court noted that "any person in the field would know whether that method of testing was unique or whether it's been the same method that's been used for years. That wouldn't require expert testimony." Doc. 87 at 35.

5

would still be required to qualify as an expert in order to testify as to what was "conventional in the art" at the time under 35 U.S.C. § 101. Id. at 5. Id. Testimony about what was conventional in the art at the relevant time, Defendants argue, would require Dr. Shaffer to testify about what methods she knew others were using. Id.

Defendants also aver that Plaintiff has been properly sanctioned because Defendants have had to incur additional expense to prepare the two previous motions to strike and respond to the present Motion. Id. at 6. Additionally, they contend that Plaintiff's argument that its mistake was "innocently made" lacks credibility. Id. at 6. In support of their argument, Defendants' site the oral arguments they made at the hearing on January 31, where they objected to Dr. Shaffer's "lay testimony" because her declaration failed to indicate that she had personal knowledge. Id. at 6(citing Jan. 31, 2018 Tr. Oral Ar. On Mtn. for S.J. at 35:40-38:6). They also argue that Plaintiff had ample opportunity to seek clarification about the Court's previous orders by conferring with either Defense Counsel or the Court. Id. at 6-7. Defendants contend that requiring them to prepare for a deposition of their expert will be highly prejudicial, since they will already have very little time to prepare their expert for trial and prepare an expert report. Id. at 7. They also argue that Plaintiff will not be ambushed at trial since Plaintiff will receive an expert report for their expert and their expert's testimony will be limited to rebutting evidence contained in the report of Dr. Shaffer. Id.

While Plaintiff is correct in noting that neither of the Court's orders from January 31 or February 9 indicates how Plaintiff was supposed to amend the Shaffer Declaration, Plaintiff made no effort to seek clarity about either of the Court's prior Orders before filing its Amended Declaration. See Docs. 80 and 85. Defendants' arguments are persuasive on this point. If Plaintiff was genuinely puzzled by the Court's order, Plaintiff could have, as it has now, filed a

Motion for Clarification. In addition to that, Plaintiff's first submission was in violation of the Local Rules of Court as discussed in open court. Plaintiff's second submission, while correcting some of the defects in the first submission, did not address the shortcomings of Dr. Shaffer's declaration, which included nothing more than an *ipse dixit* statement without clarification of whether she was purporting to testify as a lay witness or expert. Plaintiff's Amended Declaration included statements which appear to constitute expert testimony under Federal Rule of Civil Procedure 702. Therefore, this Court **DENIES** Plaintiff's Motion. Plaintiff has every right to limit Dr. Shaffer's testimony to opinions which may properly be made by a lay witness. However, portions of the Plaintiff's declaration do not appear to so qualify. Having given the Plaintiff three (3) opportunities to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia, the Court will not grant Plaintiff further relief in regard to the Order of which it complains.

## IV. CONCLUSION

For the reasons stated above, this Court **DENIES** Plaintiff's Motion for Clarification and Reconsideration of Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendants' Motion to Strike Plaintiff's Statement of Undisputed Facts In Part. Doc. 94.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
April 4, 2018