IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



GENETIC VETERINARY SCIENCES, INC.,
d/b/a Paw Prints Genetics,

Plaintiff,

v.  Civil Action No. 2:17cv108

LABOKLIN GMBH & CO. KG &
THE UNIVERSITY OF BERN,

Defendants.

## OPINION & ORDER

This matter comes to the Court on Genetic Veterinary Sciences, Inc.'s ("Plaintiff's") renewed motion for attorney's fees. Doc. 176. This motion comes after the United States Court of Appeals for the Federal Circuit affirmed this Court's judgment as a matter of law, finding a patent held by LABOklin GmbH & Co. KG and The University of Bern (collectively, "Defendants") to be invalid. The parties have waived oral argument and the record fully details the legal and factual issues before the Court; accordingly, the Court will decide Plaintiff's motion for attorney's fees on the papers without oral argument. As described herein, the Court **DENIES** Plaintiff's motion.

## I. BACKGROUND

On May 17, 2018, the third day of this case's jury trial, this Court granted Plaintiff's motion for judgment as a matter of law, finding that United States Patent No. 9,157,114 ("the '114 Patent") is invalid for unpatentable subject matter. Doc. 140. Plaintiff moved for attorney's fees on May 29, 2018, which this Court denied without prejudice pending appeal. Doc. 173.

1

After the Court denied the motions for summary judgment, the Court held a jury trial. This case was resolved at trial on a Rule 50 motion for judgment as a matter of law. Doc. 145. The Court found that claims 1 through 3 of the '144 Patent were directed at ineligible subject matter, that is, the discovery of a genetic mutation and commonly known scientific methods. Doc. 145 at 6-11. On July 29, 2019, the United States Court of Appeals for the Federal Circuit affirmed this Court's judgment. Plaintiff renews its motions for attorney's fees. Plaintiff seeks fees according to the following accounting:

| Fee or Cost Category | Amount |
|---|---|
| Lowe Graham Jones PLLC Fees | $333,733.25 |
| Venable LLP Fees | $81,255.65 |
| Non-taxable costs | $13,760.59 |
| Consulting Fees (Bloom Strategic Consulting, Inc.) | $69,317.30 |
| Total: | $498,066.79 |

## II. DISCUSSION

Plaintiff argues that this case is "exceptional," because (1) Plaintiff's case was much stronger than Defendants' case and (2) Defendants unreasonably litigated this matter.

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) requires a party seeking attorney's fees and other taxable costs to do so by filing a motion after the entry of judgment. Fed. R. Civ. P. 54(d). The Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney's fees to the prevailing party." 35 U.S.C. § 285. An "exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). "Under the standard announced [by the Supreme Court in Octane Fitness], a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently

2

sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." Id. at 555. There is no rigid formula for making this determination and the Court should assess the totality of the circumstances and use its equitable discretion in deciding whether a case is so exceptional as to warrant an award of attorney's fees. Id. at 554. Indeed, even where a case is "exceptional," the court has discretion to deny an award of attorney's fees. Icon Health & Fitness, Inc. v. Octane Fitness, LLC, 576 F. App'x 1002, 1005 (Fed. Cir. 2014); see also Altair Logix LLC v. Caterpillar Inc., C.A. No. 18-2057, 2019 WL 3219485, at *4 (D. Del. July 17, 2019).

When weighing the circumstances and equities of the case, the court may consider factors, such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 554 n.6.

**B. ANALYSIS**

Plaintiff argues that its invalidity case was so strong that Defendants "could have and should have understood from the outset of the case" that the asserted patent was invalid. Doc. 176-1 at 5. Plaintiff primarily cites that this case was resolved under a rule 50(a) motion, an outcome which Plaintiff submits occurs in only one-percent (1%) of patent cases litigated to judgment. Id. at 6. Plaintiff further argues that the "unreasonable manner" in which Defendant litigated this case, such as violating rule 408 and allegedly making misrepresentations to the Court, justifies fees. Id. at 7-11. Plaintiff concludes by arguing that the Federal Circuit's decision affirming this Court justifies an award of fees. Id. at 13-14

Defendants respond that their patents were presumed valid, and that they were entitled to rely on the findings of the United States Patent and Trademark Office ("USPTO") in defending its patents. Doc. 177 at 7-8. Defendants further argues that the fact that the Court denied Plaintiff's

motion for summary judgment as evidence that its claims were not objectively baseless, given the complex nature of section 101 jurisprudence. Id. at 9-10, 11-12. Defendant also argues that Plaintiff is responsible, in part, for the protracted litigation due to Plaintiff's failure to comply with procedural rules and litigation strategy. Id. at 10.

While Plaintiff's case was strong, Defendant's position was not "objectively baseless" or frivolous. The technology and law in this case is complicated. Indeed, Defendant survived Plaintiff's motion for summary judgment. Although Plaintiff accuses Defendant of being at best grossly negligent or at worst intentionally misleading at the summary judgment hearing, id. at 8, there is insufficient evidence to support such a conclusion as to the motivations of counsel.

Additionally, after Defendant issued a cease and desist letter, Plaintiff filed this declaratory judgment action seeking to invalidate Defendant's lawfully issued patent. It is reasonable for Defendant to defend the validity of its patent. Indeed, the record shows that, after filing suit, Plaintiff sought to leverage a $30,000 payment from Defendant to drop the lawsuit.[1] If Defendant did not pay, it would have to defend its patent. That is what happened in this case. There is no evidence that Plaintiff sought to resolve this matter without court intervention, thereby minimizing the need for attorney's fees, or continued to try to resolve this matter once the case began.

Finally, Plaintiff itself contributed to the protraction of this case because of its own failure to comply with rules of procedure. Opinion and Order on Summary Judgment, Doc. 99, at 7 ("Having given the Plaintiff three (3) opportunities to comply with the Federal Rules of Civil

---

[1] Generally, evidence of settlements or offers to settle a case are not admissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). However, such evidence is admissible "for another purpose." Id. at 408(b). Here, by citing compromise offers, Defendant is not trying to impeach, or disprove or prove the validity or amount of a claim. Defendant is offering evidence of Plaintiff's conduct, which is not expressly forbidden by Rule 408. Indeed, other courts have permitted rule 408 evidence under circumstances such as these. Lohman v. Duryea Borough, 574 F.3d 163 (3d Cir. 2009); Master-Halco Inc v. Scilla, Dowling & Natarellis LLC, 739 F. Supp. 2d 125 (D. Conn. 2010). Accordingly, the Court may consider this evidence here.

Procedure and the Local Rules of the Eastern District of Virginia, the Court will not grant Plaintiff further relief in regard to the Order of which it complains.").

Plaintiff had a strong case, perhaps even a "very" strong case, and pursued an aggressive litigation strategy in which it won the invalidity of a United States patent. However, this case does not seem to be "so exceptional" as to warrant attorney's fees. Octane Fitness, 572 U.S. at 555. Under the circumstances of this case, The Court **DENIES** the motion for attorney's fees. See, e.g., Altai Logix, 2019 WL 3219482 (denying patent attorney fees where the prevailing party contributed to the length of the litigation).

The Clerk is **REQUESTED** to deliver a copy of this Order to counsel of record.

It is **SO ORDERED**.

Norfolk, Virginia
February 20, 2020

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

5